**No. 26-2779**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

JULIE CAMPBELL, DIANA BICKFORD and KERRIE MULHOLLAND,
on behalf of themselves and all others similarly situated,

*Plaintiff-Appellees,*

v.

NIGEL COHEN,

*Appellant,*

v.

SIRIUS XM RADIO, INC,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Central District of Illinois, Urbana Division
No. 2:22-cv-02261-CSB-EIL
Hon. Colin S. Bruce, Chief United States District Judge

---

# PLAINTIFFS-APPELLEES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY AFFIRMANCE

---


Daniel M. Hutchinson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: (415) 956-1000

Mason A. Barney
**SIRI & GLIMSTAD LLP**
200 Park Avenue, 17th Floor
New York, NY 10016
Tel.: (212) 532-1091

Jarrett L. Ellzey
**ELLZEY & ASSOCIATES, PLLC**
4200 Montrose Blvd., Ste. 200
Houston, TX 77006
Tel.: (888) 350-3931

*Class Counsel*
(Additional Counsel in Signature Block)

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 26-2779

Short Caption: *Cohen v. Sirius XM Radio, Inc.*

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Julie Campbell, Diana Bickford, and Kerrie Mulholland, individually and on behalf of all others similarly situated.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Lieff Cabraser Heimann & Bernstein, LLP; Siri & Glimstad LLP; Ellzey & Associates PLLC; Feldman Wasser

(3) If the party or amicus is a corporation:

i) Identify all its parent corporations, if any; and

______________________________

ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

______________________________

---

Attorney's Signature: /s/ *Mason A. Barney* Date: October 9, 2026

Attorney's Printed Name: Mason A. Barney

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** ☒ **No** ☐

Address: Siri & Glimstad LLP
200 Park Avenue, 17th Floor, New York, NY 10016

Phone Number: (212) 532-1091 Fax Number: (646) 417-5967

E-Mail Address: mbarney@sirillp.com

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................ 1
II. BACKGROUND ........................................................................ 3
A. The Settlement ........................................................................ 3
B. Cohen's Two Objections and the Fee Award ........................................ 5
C. The Final Judgment and Ancillary Post-Judgment Motion ........................ 7
D. The Untimely Appeal ........................................................................ 10
III. ARGUMENT ........................................................................ 11
A. The Appeal Must Be Dismissed As Untimely. ........................................ 11
B. Alternatively, The District Court's Judgment Should Be Summarily Affirmed. ........................................ 19
IV. CONCLUSION ........................................................................ 27

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*,
743 F.3d 243 (7th Cir. 2014) ....................20, 21

*Banister v. Davis*,
590 U.S. 504 (2020) ....................13

*Birchmeier v. Caribbean Cruise Line, Inc.*,
896 F.3d 792 (7th Cir. 2018) ....................17

*Bowles v. Russell*,
551 U.S. 205 (2007) ....................2, 12, 14

*In re Broiler Chicken Antitrust Litig.*,
142 F.4th 568 (7th Cir. 2025) ....................20

*Buchanan v. Sirius XM Radio, Inc.*,
Case No. 17-cv-728 (N.D. Tex.) ....................*passim*

*In re Capital One Tel. Consumer Prot. Act Litig.*,
80 F. Supp. 3d 781 (N.D. Ill. 2015) ....................25

*CE Design, Ltd. v. Cy's Crab House North, Inc.*,
731 F.3d 725 (7th Cir. 2013) ....................12, 14

*Curry v. United States*,
307 F.3d 664 (7th Cir. 2002) ....................2, 13, 17

*In re East Palestine Train Derailment*,
158 F.4th 704 (6th Cir. 2025) ....................13

*Gross v. Town of Cicero, Illinois*,
528 F.3d 498 (7th Cir. 2008) ....................11, 12

*Harman v. Lyphomed, Inc.*,
945 F.2d 969 (7th Cir. 1991) ....................20

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*United States ex rel. Hoggett v. Univ. of Phoenix*,
863 F.3d 1105 (9th Cir. 2017) ....................................................14, 17

*Lentomyynti Oy v. Medivac, Inc.*,
997 F.2d 364 (7th Cir. 1993) ..........................................13, 14, 16, 17

*Leung v. XPO Logistics, Inc.*,
326 F.R.D. 185 (N.D. Ill. 2018)..........................................................7, 23

*Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*,
926 F.3d 427 (7th Cir. 2019) ..................................................................12

*Sattlefield v. U.S. Office of Pers. Mgmt.*,
2018 WL 4348068 (7th Cir. Aug. 24, 2018) ............................................20

*In re Stericycle Securities Litigation*,
35 F.4th 555 (7th Cir. 2022) ...........................................................6, 21, 22

*In re Synthroid Marketing Litigation*,
264 F.3d 712 (7th Cir. 2001) ...............................................................6, 22

*Taylor v. City of New Albany*,
979 F.2d 87 (7th Cir. 1992) ......................................................................20

*In re TikTok, Inc., Consumer Privacy Litigation*,
617 F. Supp. 3d 904 (N.D. Ill. 2022) . Dkt. 152.........................................23

*Upchurch v. O'Brien*,
111 F.4th 805 (7th Cir. 2024) ....................................................................14

*Williams v. Chrans*,
42 F.3d 1137 (7th Cir. 1994) .....................................................................19

**Statutes**

28 U.S.C. § 2107(a) .....................................................................................12, 14

## TABLE OF AUTHORITIES
## (continued)

**Page**

**Court Rules**

Fed. R. App. P. 4(a)(1)(A) ........................................................................11, 12, 14

Fed. R. App. P. 4(a)(4)(A)(iv) ........................................................................11, 13

## I. **INTRODUCTION**

Plaintiffs-Appellees move to dismiss the untimely appeal of Objector-Appellant Nigel Cohen ("Cohen") from the district court's Final Settlement Approval Order and Final Judgment ("Final Judgment") and its award of attorneys' fees to Class Counsel. Cohen's appeal is untimely because he filed his notice of appeal after the Rule 4(a)(1)(A) 30-day deadline and no motion tolled that deadline.

Prompt dismissal is appropriate and necessary so that over 300,000 Class Members who filed valid and timely claims can receive settlement payments. Dkt. 156 ("Shaffer Decl.") ¶10. The district court directed that "[t]he settlement administration process should proceed without further delay." Dkt. 164. That has not happened because of Cohen's untimely appeal.

Cohen filed his notice of appeal 52 days after the Final Judgment, and 22 days past the 30-day deadline. Final Judgment, Dkt. 160 (July 6, 2026); Notice of Appeal, Dkt. 165 (Aug. 27, 2026). His post-judgment motion, although styled as a Rule 59(e) motion, addressed an ancillary issue: if funds remain after two future rounds of settlement payments

to Class Members, what cy pres recipient should receive any residual settlement funds. Dkt. 161.

That motion did not stay the time to appeal because, as the district court had already held, any post-judgment motion regarding a contingent cy pres recipient would not "affect[] the finality of this Final Order and Final Judgment in any way." Dkt. 160 ¶13. Where, as here, an ancillary post-judgment motion does not require the district court to reconsider a matter properly encompassed in its Final Judgment, the ancillary motion *does not* toll the appeal clock. *See, e.g.*, *Curry v. United States*, 307 F.3d 664, 665-66 (7th Cir. 2002) (explaining that only a substantive Rule 59(e) motion suspends the time to appeal). Because filing a timely notice of appeal is both mandatory and jurisdictional, the Court must dismiss Cohen's untimely appeal. *Bowles v. Russell*, 551 U.S. 205, 210-11 (2007) (affirming dismissal for lack of jurisdiction where the notice of appeal was untimely).

In the alternative, Plaintiffs-Appellees move for summary affirmance. Even if the Court were to reach the merits, summary affirmance is warranted. The district court applied the ex ante market-

based methodology that this Court requires. Thus, no substantial question merits full briefing.

The appeal should be dismissed or, in the alternative, summarily affirmed.

## II. <u>**BACKGROUND**</u>

### A. The Settlement

On November 29, 2022, Plaintiffs filed this case alleging that SiriusXM engaged in a practice of placing unsolicited telemarketing calls to consumers who bought or leased cars with preinstalled SiriusXM satellite radios, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*. Dkt. 1 at 1. Class Counsel previously served as class counsel in another TCPA matter against SiriusXM, *Buchanan v. Sirius XM Radio, Inc*., Case No. 17-cv-728 (N.D. Tex.) ("*Buchanan*"), which settled in 2020. This action represented a post-*Buchanan* class, and alleged, *inter alia,* that SiriusXM failed to adequately implement practice changes required in the *Buchanan* settlement.

The district court found that "this case involved a hotly contested issue in an unsettled area of law" that "no court," including *Buchanan,* has ever ruled upon· whether SiriusXM has an established business

relationship ("EBR") with consumers who received free SiriusXM subscriptions. Dkt. 152 at 24-25. Prior to this action, four putative TCPA class actions against SiriusXM, filed after *Buchanan* by other plaintiffs and counsel, failed and were dismissed without any class recovery. *Id.* at 23. The case "required significant work", as the parties "actively litigated the case for three years," with eleven still-pending motions before the district court at settlement, "most of which addressed the EBR defense." *Id.* at 2, 24. The parties negotiated a settlement at arm's length after three failed mediation sessions. *Id.*

The Settlement creates a $28,000,000 non-reversionary common fund. Dkt. 152 at 2. At least 301,586 Settlement Class Members filed valid and timely claims and await their pro rata settlement payments. Shaffer Decl. ¶10. If unclaimed residual funds remain, Class Members will receive a second payment. Dkt. 152 at 2. SiriusXM must implement specified business-practice changes beyond those required in *Buchanan*, and improve or maintain agreed-upon practices for at least the next three years. *Id.* at 11-12. For example, SiriusXM *must* end telemarketing calls to trial subscribers with 360L-enabled radios who

were registered on a state or federal do-not-call list, except in specified circumstances. *Id.* at 12.

The Settlement does not require any cy pres distribution. Dkt. 160 ¶13. Rather, only if any settlement checks remain uncashed after the two rounds of payments may the district court designate a cy pres recipient. Settlement §§ 18.1(b), 18.3.

The district court found that the notice program satisfied due process, "constituted the best notice practicable under the circumstances," was reasonably calculated to apprise Class Members of their rights, and satisfied all applicable laws and rules. Dkt. 160 ¶6.

The Settlement Class Members who filed claims still await payment, which this appeal has delayed.

**B. Cohen's Two Objections and the Fee Award**

Plaintiffs petitioned the district court for an award of fees and costs as a percentage of the fund under the Seventh Circuit's market-based approach. The request sought one-third of the $28,000,000 non-reversionary common fund ($9,333,333), $167,882 in out-of-pocket expenses, and service awards of $10,000 each for the Class Representatives. Dkt. 152 at 18. On March 27, 2026, Cohen filed two

separate objections. *Id.* at 1. The first addressed primarily the proposed contingent cy pres recipient, National Consumer Law Center ("NCLC"). Dkt. 138. The second addressed Class Counsel's attorneys' fees. Dkt. 139. Plaintiffs and SiriusXM filed separate responses to both objections. Dkts. 142, 143, 144.

On June 16, 2026, the district court issued a detailed 30-page order overruling both objections. Dkt. 152. In that order, the district court found that "NCLC is an appropriate cy pres recipient, should such a distribution be required." Dkt. 152, at 4-8.

As to attorneys' fees, the district court applied a market-based percentage-of-the-fund analysis under *In re Stericycle Securities Litigation*, 35 F.4th 555 (7th Cir. 2022), and *In re Synthroid Marketing Litigation*, 264 F.3d 712 (7th Cir. 2001). Dkt. 160 ¶14. The district court concluded that "one-third is the appropriate market rate" and that the requested amount "is within the range of reason under the factors listed in *In re Synthroid Mktg. Litig.*" Dkt. 160 ¶14; Dkt. 152 at 18-28.

Notably, the district court was not a rubber stamp; to the contrary, it independently reduced the requested fee amount by re-calculating the net settlement fund down from $28,000,000 to

$26,620,000, excluding $1,350,000 in class notice and administrative costs and $30,000 in service awards, which it found "d[id] not directly benefit the class." Dkt. 152 at 19-20 (quoting *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 199-200 (N.D. Ill. 2018)). The district court thereby determined that one-third of the net fund was a "reasonable" fee, which amounted to $8,873,333.33, roughly $460,000 less than Class Counsel requested. *Id.* at 20-21, 29.

### C. The Final Judgment and Ancillary Post-Judgment Motion

On June 26, 2026, the district court held the Final Approval Hearing. Dkt. 152 at 30; Dkt. 160 at 1. Cohen's counsel appeared and, after the district court solicited whether he had "anything else" to raise, Cohen asserted that in addition to the notice fees and service awards, Class Counsel's out-of-pocket expenses should also be deducted from the denominator used to determine the attorneys' fees. A190-91. The district court took this request under consideration, but ultimately did not reduce the fee further based on this suggestion.

On July 6, 2026, the district court entered the Final Judgment, "finding no just reason for delay," and dismissed the action with prejudice. *Id.* at 1, ¶10. The Final Judgment referenced Cohen's

objections again, and its June 16, 2026 order overruling them. *Id.* ¶15. Paragraph 13 expressly retains continuing and exclusive jurisdiction over "any motion to approve distribution of the Settlement Fund to any Cy Pres Recipient(s)" "[w]ithout affecting the finality of this Final Order and Final Judgment in any way." *Id.* ¶13.

On July 14, 2026, 28 days after the June 16, 2026 order, Cohen filed a perfunctory six-page "Motion for Reconsideration" of NCLC's designation as the potential cy pres recipient. Dkt. 161 (the "Cy Pres Reconsideration Motion"). Cohen based his motion on publicly available information about purported professional ties between Class Counsel law firm Lieff Cabraser and NCLC, which he claimed were undisclosed. Cohen could have presented this information in his March 27 objection, or at the Final Approval Hearing when asked by the district court, but did not. *See id.* at 2; Dkt. 163 at 4-5.

On July 28, 2026, Plaintiffs responded that Cohen identified no new evidence; that a residual payment of unclaimed funds to a qualified cy pres recipient does not create any "conflict of interest"; that the motion was premature because any cy pres will not be decided by the district court until after two settlement payments to Class Members;

and that further delay would be unfair to Class Members. Dkt. 163 at 1-3. Nonetheless, even though the district court found that "NCLC is an appropriate cy pres recipient," Plaintiffs, with Sirius XM's consent, withdrew NCLC so that the Settlement would not be delayed by objection. *Id*. at 17. Instead, if any unclaimed funds remain after two rounds of settlement distribution, Plaintiffs will move to district court to designate another cy pres recipient.

On July 29, 2026, the district court denied Cohen's motion. Dkt. 164 (the "Cy Pres Reconsideration Order"). The district court found that Cohen's motion presented only one issue: whether "the court should reconsider its prior ruling that [NCLC] is an appropriate cy pres recipient." *Id*. First, the district court found that Cohen's motion should be denied on procedural grounds, because the information Cohen identified "consist[ed] entirely of publicly available information (some of which is from cases more than two decades old)," and Cohen made "no attempt whatsoever" to argue that they could not have been discovered with reasonable diligence when he filed his earlier objection. *Id*. Second, the district court denied the motion as moot because NCLC was

withdrawn. Finally, the district court directed that "[t]he settlement administration process should proceed without further delay." *Id.*

### D. The Untimely Appeal

Cohen's deadline to file a notice of appeal passed on August 5, 2026, thirty days past the Final Judgment. By that time, it was crystal clear that the Cy Pres Reconsideration Motion addressed an ancillary issue that did not toll Cohen's time to appeal for at least three independent reasons. First, the Final Judgment stated explicitly that cy pres would not affect finality. Dkt. 160 ¶13. Second, the Settlement and the parties clearly explained that cy pres was a post-settlement issue reserved for later administration. Dkt. 163 at 2-3. Third, the district court's Cy Pres Reconsideration Order described the motion as seeking reconsideration of a single "prior ruling," namely "that the [NCLC] is an appropriate cy pres recipient," and identified no other issue presented Dkt. 164. Cohen nonetheless failed to file a notice of appeal by the deadline.

On August 27, 2026, fifty-two days after judgment, Cohen filed an untimely notice of appeal citing the June 16 objection order, the July 6 judgment, and the July 29 motion for reconsideration order, "and all

opinions and orders that merge therein." Dkt. 165. Cohen's docketing statement and appellate brief, however, confirm that his "appeal challenges only the decision awarding attorneys' fees." 7th Cir. Dkt. 8 at 2 (Sept. 3, 2026); 7th Cir. Dkt. 9 at 2 (Oct. 16, 2026). Both describe the fee decision as a "collateral" order. *Id.* Both assert timeliness under Federal Rules of Appellate Procedure 4(a)(1)(A) and 4(a)(4)(A)(iv). *Id.* In fact, in his appellate brief, Cohen relies on his Cy Pres Reconsideration Motion in the Jurisdictional Statement section. 7th Cir. Dkt. 9 at 1. Cohen thereby tacitly concedes that the reconsideration motion is necessary to make this appeal timely, and conversely that, absent that motion, the appeal is untimely.

The arithmetic is not in dispute. Judgment was entered July 6, 2026. Thirty days later was August 5, 2026. The notice of appeal was filed August 27, 2026, which is 22 days late. Dkt. 160; Dkt. 165.

## III. <u>ARGUMENT</u>

### A. The Appeal Must Be Dismissed As Untimely.

#### 1. The Governing Standard

"Courts cannot operate without setting and enforcing deadlines." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 499-500 (7th Cir. 2008).

A notice of appeal must be filed within thirty days of the entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

That deadline is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 210-11 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'"); *Gross,* 528 F.3d at 500 ("The time for filing a notice of appeal is even more strict; it is a jurisdictional limit."). "The Supreme Court has recently reemphasized that the time limit to appeal is indeed jurisdictional, and litigants and courts alike must scrupulously observe the statutory requirements." *CE Design, Ltd. v. Cy's Crab House North, Inc.*, 731 F.3d 725, 730 (7th Cir. 2013) (dismissing untimely appeal for lack of jurisdiction). This Court therefore lacks the power to excuse it. *Bowles*, 551 U.S. at 214.

Rather, the Seventh Circuit holds that it has no "authority to consider an appeal filed after the period allowed by statute" and cannot excuse noncompliance with statutory appellate deadlines "even when extraordinary circumstances present themselves." *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 430-31 (7th Cir. 2019) (dismissing appeal for lack of jurisdiction where appellant missed

the 30-day deadline.) This rule of law applies equally to class action objectors such as Cohen because the delay "poses overwhelming prejudice" to class members awaiting payment. *See, e.g.*, *In re East Palestine Train Derailment*, 158 F.4th 704, 711-12 (6th Cir. 2025) (dismissing appeal).

A timely Rule 59(e) motion suspends the finality of the judgment and restarts the clock. *Banister v. Davis*, 590 U.S. 504, 507-09 (2020); Fed. R. App. P. 4(a)(4)(A)(iv). However, that tolling power follows from, and is limited by, the Rule's corrective function. "[F]ederal courts generally have [used] Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." *Banister*, 590 U.S. at 508). For a Rule 59(e) motion to trigger tolling it must be "therefore tightly tied to the underlying judgment." *Id.*

The label on the document does not control. "[M]erely titling a document a Rule 59(e) motion does not make it one." *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 366 (7th Cir. 1993); *accord Curry*, 307 F.3d at 665-66 (remanding with instructions to dismiss for lack of jurisdiction). Courts must instead "examine the request made in the document and decide whether its disposition would truly alter the

merits of the judgment or whether it addresses a matter wholly collateral to the judgment on the merits." *Lentomyynti*, 997 F.2d at 366.[1]

**2. Cohen's Appeal Is Untimely.**

Here, Cohen concedes that he "filed a notice of appeal on August 27, 2026"· which is 52 days after the district court's July 6, 2026 Final Judgment. 7th Cir. Dkt. 9 at 2. Cohen therefore did not comply with the 30-day deadline. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Because that deadline is "mandatory and jurisdictional," absent any tolling this Court must dismiss the appeal as untimely. *See Bowles*, 551 U.S. at 210-11 (affirming dismissal for lack of jurisdiction where, after missing the original 30-day deadline, the appellant filed outside the reopened appeal period); *see, e.g., CE Design*, 731 F.3d at 727-30 (dismissing for lack of jurisdiction where the notice of appeal from a class-settlement judgment was filed thirty-six days after entry); *Upchurch v. O'Brien*, 111 F.4th 805, 811-13 (7th Cir. 2024) (dismissing for lack of jurisdiction where the appellant measured his time to appeal

[1] Other circuits apply the same rule. *See, e.g.*, *United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107‡09 (9th Cir. 2017) (dismissing appeal as untimely).

from a later judgment rather than from the earlier order that actually disposed of the fee requests).

### 3. Cohen's Cy Pres Reconsideration Motion Did Not Toll His Time to Appeal Because It Only Addressed a Reserved Administrative Matter.

Nor did Cohen's Cy Pres Reconsideration Motion suspend his deadline to appeal. The plain terms of the Final Judgment, the Settlement and parties' briefing, and the Cy Pres Reconsideration Order each made clear that reconsideration of a cy pres designee is an ancillary issue that did not affect the district court's Final Judgment.

#### a. The Final Judgment Confirms that any Cy Pres Payment Is Collateral to the Judgment.

The plain text of the Final Judgment provides the best indication of what it did· and did not· address. In that judgment, the district court approved the Settlement and the Settlement Class, fixed attorneys' fees and costs, gave effect to the releases, and dismissed the action with prejudice. Dkt. 160 ¶¶3, 9, 10, 12, 14. However, it did not rule on cy pres. Rather, it expressly reserved the cy pres question for later administration "[w]ithout affecting the finality of this Final Order and Final Judgment in any way." *Id.* ¶13. Thus, the plain terms of the

judgment confirm that it is a final and appealable order regardless of any later consideration of cy pres.

The district court's Cy Pres Reconsideration Order did not reconsider *anything* in the Final Judgment. Instead, the Cy Pres Reconsideration Order addressed the NCLC designation and Cohen's lack of diligence in raising publicly available information. Dkt. 164. In other words, the district court only addressed Cohen's sole argument that "the court should reconsider its prior ruling that [NCLC] is an appropriate cy pres recipient." *Id.* The district court used the singular phrase· "prior ruling", not rulings· for a reason: Cohen only sought reconsideration of the June 16 ruling on the cy pres designation, not reconsideration of the Final Judgment. Had the court understood Cohen's motion to reach any issue in the judgment, it would have said so.

On this record, the Seventh Circuit's decision in *Lentomyynti* mandates that Cohen's appeal is untimely. Specifically, because the district court's ruling on Cohen's Cy Pres Reconsideration Motion did not "truly alter the merits of the judgment," it was not a Rule 59(e) motion that should toll the time to appeal the Final Judgment. *See*

*Lentomyynti*, 997 F.2d at 366 (holding that post-judgment motion for reconsideration of final judgment was not a Rule 59(e) motion). Because Cohen's Cy Pres Reconsideration Motion could not have tolled the time to appeal, his appeal is untimely. *See Curry*, 307 F.3d at 665-66; *Hoggett*, 863 F.3d at 1107-09 (dismissing appeal as untimely where a motion styled under Rule 59(e) supplied no ground on which the judgment could be altered or amended). Here, reconsidering the contingent cy pres recipient would not disturb settlement approval, the fee award, the releases, or the dismissal.

In prior rulings, the Seventh Circuit has made clear that selection of a cy pres recipient does not affect the finality of the fee award or the judgment. *See e.g.*, *Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792, 796 (7th Cir. 2018). In *Birchmeier*, this Court treated selection of a cy pres recipient as one of the "tasks unrelated to the calculation of fees [that] remain for the district court, such as (perhaps) choosing a recipient for funds unclaimed after the second round of payments." *Id.* A question that a court may resolve after judgment without disturbing the judgment is, by definition, not a matter properly encompassed in the decision on the merits.

### b. The Settlement and the Parties' Briefing Confirm that any Cy Pres Payment Is Separate from the Judgment.

In addition to the plain terms of the Final Judgment, the Settlement Agreement and parties' briefing likewise consistently confirmed that any cy pres distribution will occur only after all settlement payments to Class Members.

The Settlement Agreement places any cy pres distribution at the final stage of the settlement process: Class Members receive an Initial Cash Distribution, then a Second Cash Distribution of the remaining funds unless the costs of doing so would leave class members a "de minimis amount," and only then may any remaining funds be distributed, "subject to Court approval," to a cy pres recipient. Settlement Agreement §§ 18.1(b). The parties' briefing echoed the same process. Dkt. 163 at 2-3 (same).

Accordingly, the district court's June 16 order found that NCLC is an appropriate cy pres recipient "should such a distribution be required," and explained that cy pres would arise only after "two cash distributions to claiming class members" and only "subject to court approval." Dkt. 152 at 9, 14. Because any hypothetical residual cy pres

distribution arises only after two full rounds of distribution, whether any funds will remain at that point is unknown today. *See* Dkt. 163 at 15-16 (citing Settlement Agreement § 18.1(b)).

As noted, Cohen's appeal has nothing to do with the cy pres payment. His recently filed appellate brief does not mention cy pres once in his Statement of the Issues, and uses the words "cy pres" only three times in the entire brief. 7th Cir. Dkt. 9 at 2-3. Those facts alone make Cohen's reliance on his Cy Pres Motion for Reconsideration to toll the time to appeal all the more hypocritical. Because Cohen's appeal is untimely, it would be grossly unfair to Class Members to further delay their settlement payments.

### B. Alternatively, The District Court's Judgment Should Be Summarily Affirmed.

In addition to being untimely, Cohen's appeal is clearly ripe for summary affirmance because there is no real substantial question about its outcome.

#### 1. Standard for Summary Affirmance

Summary disposition is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Williams v.*

*Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1994). Summary affirmance is likewise appropriate where "further briefing would not be helpful to the court's consideration of the issues." *See Sattlefield v. U.S. Office of Pers. Mgmt.*, 2018 WL 4348068, at *1 (7th Cir. Aug. 24, 2018) (citing *Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992)).

### 2. Fee Award Standard

Class action fee awards are reviewed under a two-tiered framework.

First, the Court reviews *de novo* whether the district court "understood its obligation to award fees according to the hypothetical ex ante bargain," *In re Broiler Chicken Antitrust Litig.*, 142 F.4th 568, 573 (7th Cir. 2025) ("*Broiler Chicken II*"), and whether its "methodology ÷ reflects procedure approved for calculating awards." *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 246 (7th Cir. 2014) (quoting *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 973 (7th Cir. 1991)).

Second, once the methodology is deemed correct, the court's fee calculation is reviewed "only for abuse of discretion." *Broiler Chicken II*, 142 F.4th at 573. Cohen agrees. 7th Cir. Dkt. 9 at 3 ("The fee award

itself is reviewed for abuse of discretion.") That deference is substantial. This Court reviews fee awards "recognizing that the district court is closer to the case than we are, and that a reasonable fee will often fall within a broad range." *In re Stericycle Sec. Litig.*, 35 F.4th at 559. Abuse of discretion exists only where the district court "reaches an erroneous conclusion of law, fails to explain a reduction or reaches a conclusion that no evidence in the record supports as rational." *Americana Art China*, 743 F.3d at 246. And a court that selects among approved fee calculation methods "obviously" does not abuse its discretion. *Id.* at 247.

As set forth below, the district court unquestionably applied an approved methodology and there is nothing in its well-reasoned 30-page order to suggest any abuse of discretion. Summary affirmance is appropriate because this is hardly the type of matter that would warrant full appellate review.

#### 3. The District Court Applied the Ex Ante Market-Based Methodology This Circuit Requires.

The district court awarded fees as a percentage of the common fund using the ex-ante market-based fee methodology. Dkt. 152 at 20-22. That is approved procedure in this Circuit, where a district court

must "attempt to approximate the fee that the parties would have agreed to at the outset of the litigation without the benefit of hindsight." Dkt. 152 at 18 (quoting *In re Stericycle Sec. Litig.*, 35 F.4th at 559).

It then applied the *Synthroid I* factors by name: the risk of nonpayment counsel agreed to bear, the quality of the firm's performance, the amount of work necessary to resolve the case, and the stakes of the case. Dkt. 152 at 18-19. Further, it identified the benchmarks this Court has approved, noting that courts may "look to actual fee agreements, data from similar cases, and class-counsel auctions to guide their analysis." *Id.* at 18 (citing *Synthroid*, 264 F.3d at 719).

The district court named the governing standard for assessing fee awards, applied the factors this Circuit uses to implement the assessment, and anchored its market-rate assessment in approved benchmarks. That satisfies step one, which confines the rest of the appeal to deferential review.

#### 4. There Was No Abuse of Discretion.

The record supports every input the district court relied upon in approving the fee award. The district court found one-third to be the appropriate ex ante market rate, citing to *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 202 (N.D. Ill. 2018) (a typical contingency agreement in this circuit "might range from 33% to 40% of recovery"), and *In re TikTok, Inc., Consumer Privacy Litigation*, 617 F. Supp. 3d 904, 941 (N.D. Ill. 2022) (a flat one-third of the net common fund "is typical in other data privacy settlements"). Dkt. 152 at 20-22. In addition, in its briefing Class Counsel had cited at least seven other cases, several of which were TCPA matters, where courts in this Circuit had awarded a one-third fee, and/or held that one-third was the market rate. Dkt. 132 at 8-10. The district court also found Class Counsel's ex ante representation agreements consistent with that figure. *Id.* at 21-22.

The award matches the ex ante market rate for a genuinely risky class action, and the district court explained why across 30 pages. It found that the risk of failure was real. The district court based its findings of risk on the "unsettled and complex nature of the law of the case" and "numerous plausible defenses available to the defendant" that

were well-supported by the record. Dkt. 152 at 22-26. Notably, four prior putative TCPA class actions brought by other plaintiffs and counsel against SiriusXM failed and were dismissed without any class recovery. *Id.* at 23. One Class Counsel firm lost at least twenty-seven TCPA class actions in the decade preceding this case, recovering nothing for any proposed class and no fee, including in cases litigated past class certification. *Id.* at 23-24. Here, SiriusXM mounted the most aggressive defense available, engaging in vigorous motion practice and retaining experienced appellate counsel at the outset. *Id.* at 24.

Importantly, the dispositive legal question posed by SiriusXM's EBR defense· whether a free trial accompanying a car purchase, without a prior paid subscription, establishes an EBR· had never been answered by any court. Dkt. 152 at 24. The district court searched and confirmed that it "did not locate any cases directly addressing" that question. *Id.* at 25 n.16. *Buchanan* settled before the issue was resolved. *Id.* at 24. Thus, the district court reasonably concluded that the potential defenses were "certainly plausible." *Id.*

Indeed, Cohen's now-filed appellate brief confirms that Cohen cannot satisfy the abuse-of-discretion standard. Cohen relies on two

district court cases: *In re Capital One Tel. Consumer Prot. Act Litig.,* 80 F. Supp. 3d 781 (N.D. Ill. 2015) ("*Capital One*") and *Buchanan*, which he mentions 53 and 112 times, respectively. Here, the district court's written findings confirm that it considered both cases· and exercised its discretion in finding that the ex ante complexity, risk, and workload in *this case* (and summarized in the paragraphs above) was higher than in *Capital One* or *Buchanan*. Dkt. 152 at 19-26. The record supports those conclusions. *Id.*

Notably, the district court found that "EBR was not at issue in *Capital One* or any of the cases Objector relies upon as 'lowrisk.'" Dkt. 152 at 24-26. Cohen's continued reliance on *Capital One* is quite odd because robocalling cases like *Capital One*, under the plain language of the statute, have no EBR defense. *Id.*

The district court correctly found that the prior *Buchanan* litigation did not de-risk this case. Rather, "pursuing this case was potentially significantly riskier post-*Buchanan*," because SiriusXM sought to leverage the very telemarketing practice changes it had adopted after *Buchanan* to build its defense here. Dkt. 152 at 24-25. This case involved "a distinct time period from *Buchanan* and modified

conduct by Sirius XM." *Id*. at 24-25. Class Counsel had to develop an entirely new record, and *Buchanan* "provided no shortcut to the necessary and hard work developing the factual record that led to settlement here." *Id.*

The work was substantial, and the district court catalogued the bases for its findings that "[t]his case required significant work by counsel." Dkt. 152 at 22-26. The contested motion practice included "a motion to strike class allegations and dismiss, a motion to compel discovery, a motion for leave to raise affirmative defenses and file an answer (and an appeal of the Magistrate Judge's decision on the same), multiple motions to strike, a motion to exclude certain transcripts, and a class certification motion." *Id.* at 26. "Eleven motions were pending at the time of settlement, and the court had reviewed all of the briefs and supporting materials, before it was advised of the settlement." *Id.* The district court concluded that "[t]his case required significant work by counsel on both sides." *Id.*

Permitting an appeal to go forward under these circumstances would be unwarranted. The appeal is untimely, the district court

unquestionably followed the correct methodology for attorneys' fees, and further delay would necessarily prejudice Plaintiffs and Class Members.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees respectfully request that this appeal be dismissed as untimely, or in the alternative, that the District Court's judgment be summarily affirmed.

So that Class Members may receive their settlement payments, which are being delayed by Cohen's untimely appeal, Plaintiffs seek a prompt ruling, if possible.

Dated: October 20, 2026 Respectfully submitted,

*/s/ Mason A. Barney*
Mason A. Barney

Mason A. Barney
**SIRI & GLIMSTAD LLP**
200 Park Avenue, 17th Floor
New York, NY 10016
Telephone: (212) 532-1091
Email: mbarney@sirillp.com

Daniel M. Hutchinson
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
dhutchinson@lchb.com

Jarrett L. Ellzey
**ELLZEY & ASSOCIATES, PLLC**
4200 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone: (888) 350-3931
Email: Jarrett@ellzeylaw.com

Carl R. Draper
**FELDMAN WASSER**
1307 South 7th Street
Springfield, IL 62703
Telephone: 217-544-3403
Email: cdraper@feldman-wasser.com

*Class Counsel for Plaintiffs-Appellees and the Settlement Class*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 5,070 words, as determined by Microsoft Word 2010, including the headings and footnotes and excluding the parts exempted by Fed. R. App. P. 32(f). The motion also complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because the text appears in 14-point Century Schoolbook, a proportionally spaced serif typeface.

*/s/ Mason A. Barney*
Mason A. Barney

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, the foregoing was electronically filed with the Clerk of Court using the Appellate PACER system, which automatically serves e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system and each of whom may access this filing via the Court's Appellate PACER system.

/s/ *Daniel M. Hutchinson*
Daniel M. Hutchinson